AO 245B    1.    (Rev. 10/2011 EDNY) Judgment in a Criminal Case2.
           Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| | ) | Case Number:    13CR315[KAM] |
| Corey Lee | ) | USM Number:    82158-053 |
| | ) | Aaron M. Goldsmith |
| | ) | 225 Broadway, Suite 715 |
| | ) | New York, NY 10007 |
| | | Defendant's Attorney |

## THE DEFENDANT:

✓ pleaded guilty to count(s)    One of a four count Indictment.

☐ pleaded nolo contendere to count(s)
     which was accepted by the court.

☐ was found guilty on count(s)
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 21 U.S.C. § 846, | Conspiracy To Distribute Cocaine, Cocaine Base And Marijuana | 4/25/2013 | 1 |
| 21 U.S.C. § 841 (b)(1)(B) | Class B Felony | | |

The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

✓ Count(s)    two, three and four    ☐ is    ✓ are    dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 7, 2015
Date of Imposition of Judgment

s/KAM
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

October 7, 2015
Date

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT:      Corey Lee
CASE NUMBER:    13CR315[KAM]

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Sixty (60) months in custody with credit for time served.

☑ The court makes the following recommendations to the Bureau of Prisons:
The court respectfully request that Mr. Lee be designated to a facility close to the New York Metro area to facilitate family visits. During his incarceration, Mr. Lee shall participate in the BOP's "500 hour" drug program. In addition, Mr. Lee is encouraged to participate in the Bureau of Prison's Financial Responsibility Program, for assistance with making payments towards his forfeiture and assessment obligation, as well as any educational or vocational programs.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:
   ☑ by 2:00p.m. on October 30, 2015.

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: Corey Lee
CASE NUMBER: 13CR315[KAM]

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

Four (4) years with special conditions.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

✔ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: Corey Lee
CASE NUMBER: 13CR315[KAM]

## SPECIAL CONDITIONS OF SUPERVISION

I. For a period of 6 month after his release from custody, Mr. Lee shall comply with a curfew via electronic monitoring requiring him to remain at his place of residence from 7:00p.m. to 7:00a.m. During the curfew period, he shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements and procedures established for the curfew. In addition, Mr. Lee shall pay all costs, including the cost of the electronic monitoring equipment, to the degree he is able to pay. Mr. Lee shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

II. Mr. Lee shall maintain a full-time verifiable employment and/or shall participate in an educational or vocational training program as approved by the Probation Department.

III. Mr. Lee shall not possess a firearm, ammunition, or destructive device.

IV. Mr. Lee is encouraged to participate in the Bureau of Prison's Financial Responsibility Program, for assistance with making payments towards his forfeiture and assessment obligation while in custody.

V. Mr. Lee shall pay any outstanding monetary penalties and shall comply with the court's forfeiture order set forth below. Mr. Lee shall make complete and truthful financial disclosure to the United States Attorney's Office and the Probation Department to ensure compliance with his forfeiture and special assessment obligation.

VI. Mr. Lee shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that he Probation Department has reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must also be conducted in a reasonable manner and at a reasonable time. Mr. Lee's failure to submit to a search may be grounds for revocation of his supervised release. Mr. Lee shall inform any other residents that the premises may be subject to search pursuant to this condition.

VII. Mr. Lee shall also submit to drug testing. If he tests positive, he will be required to participate in a drug treatment program approved by the Probation Department. In addition, he will be required to contribute to the cost of such treatment not to exceed an amount determined reasonable by the Probation Department and he will cooperate in securing any applicable third party payment, such as insurance or Medicaid.

### Forfeiture

Mr. Lee has agreed to pay a forfeiture money judgment in the amount of $1,000,000, due and payable immediately. If the forfeiture amount is not immediately paid, interest will accrue. While in custody, Mr. Lee shall make forfeiture payments of at least $25 every two months. Starting on the first day of the first month upon his release, Mr. Lee shall make forfeiture payments of not less than 15% of his gross income per month after deductions required by law. The forfeiture amounts shall be made payable, to The "US Marshals Service" as set forth in the Forfeiture Order, and sent to the United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The forfeiture amount is due immediately, and payments shall continue until fully paid. The Order of Forfeiture is attached hereto and incorporated herein as part of this Judgment.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: Corey Lee
CASE NUMBER: 13CR315[KAM]

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

TOTALS $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  6  of  6

DEFENDANT: Corey Lee
CASE NUMBER: 13CR315[KAM]

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ✔ Lump sum payment of $ 100.00 due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ✔ Special instructions regarding the payment of criminal monetary penalties:

.Mr. Lee has agreed to pay a forfeiture money judgment in the amount of $1,000,000, due and payable immediately. If the forfeiture amount is not immediately paid, interest will accrue. While in custody, Mr. Lee shall make forfeiture payments of at least $25 every two months. Starting on the first day of the first month upon his release, Mr. Lee shall make forfeiture payments of not less than 15% of his gross income per month after deductions required by law. The forfeiture amounts shall be made payable, to The "US Marshals Service" as set forth in the Forfeiture Order, and sent to the United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The forfeiture amount is due immediately, and payments shall continue until fully paid. The Order of Forfeiture is attached hereto and incorporated herein as part of this Judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

✔ The defendant shall forfeit the defendant's interest in the following property to the United States:
Mr. Lee has agreed to pay a forfeiture money judgment in the amount of $1,000,000, due and payable immediately. The Order of Forfeiture is attached hereto and incorporated herein as part of this Judgment.

SLR:LDM:BDM
F.# 2013R00805/OCDETF NY-NYE 694

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

COREY LEE,

              Defendant.

- - - - - - - - - - - - - - - - -X

<u>ORDER OF FORFEITURE</u>

13-CR-315 (KAM)

        WHEREAS, on October 2, 2014, Corey Lee (the "defendant"), entered a plea of guilty to the offense charged in Count One of the above-captioned indictment, charging a violation of 21 U.S.C. § 846; and

        WHEREAS, pursuant to 21 U.S.C. § 853(a), the defendant has consented to the entry of a forfeiture money judgment in the amount of one million dollars and no cents ($1,000,000.00) (the "Forfeiture Money Judgment"), as any property constituting, or derived from any proceeds the defendant obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 846, any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, such violation; and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

        1.     The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. §§ 853(a) and (p).

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to the "United States Marshals Service" with the criminal docket number noted on the face of the check. The defendant shall cause said checks to be delivered by overnight delivery to Assistant United States Attorney Brian D. Morris, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full on or before the date upon which the defendant is sentenced (the "Due Date"). If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest on the Forfeiture Money Judgment shall accrue at the judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2).

3. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

4. Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the

defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

5.   The defendant knowingly and voluntarily waives his right to any required notice concerning the entry and payment of the Forfeiture Money Judgment, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry of the Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6.   The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

7.   Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8.   This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Yvette Ramos, FSA Paralegal, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       October 7, 2015

s/KAM

_____
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK